**Mary Carol Thompson McKEAN,
Appellant,**

v.

**John P. THOMPSON, Appellee.**

No. 19230.

Court of Civil Appeals of Texas,
Dallas.

June 22, 1977.

Rehearing Denied Aug. 22, 1977.

Duncan L. Clore, Strasburger & Price, Dallas, for appellant.

Mike M. Tabor, Dallas, for appellee.

GUITTARD, Chief Justice.

In previous litigation the one-third interest of John P. Thompson in two apartment-house joint ventures was adjudged to be community property of Thompson and his former wife, now Mary Carol McKean. *See Thompson v. Thompson,* 500 S.W.2d 203 (Tex.Civ.App.-Dallas 1973, no writ). After termination of that litigation, John brought this suit against Mary Carol for one-half of the contributions he had made to each of the ventures since the divorce for mortgage payments, taxes, salaries, maintenance, and the like. She answered, alleging that no demands had been made on her for any of these contributions at the time they were made and that the payments were not made at her request, but as a volunteer. After trial the jury found that the amount John had advanced to provide one-third of the reasonable and necessary expenses of the ventures at the time John and Mary Carol had each owned an undivided one-sixth interest in them was $53,897.47. The trial court rendered judgment against her personally for one-half of this amount, and she appeals.

Appellant contends that she is not liable for these payments because she is in the position of an assignee of an interest in a partnership who has not agreed to continuation of the partnership. Appellee contends that the parties are cotenants and that appellant is liable under the rule that a cotenant who pays more than his share of a debt secured by the common property or makes a necessary or proper outlay for its preservation is entitled to reimbursement from his cotenants to the extent that he paid their share, citing *Stephenson v. Luttrell,* 107

Tex. 320, 179 S.W. 260 (1915), and *Shaw & Estes v. Texas Consolidated Oils,* 299 S.W.2d 307 (Tex.Civ.App.-Galveston 1957, writ ref'd n.r.e.).

We conclude that appellant's position is correct. She cannot be regarded simply as a cotenant who had the benefit of his payments. Although the parties were equal owners of a one-third interest in each of the ventures, the projects were subject to joint-venture agreements which she had not signed. She was in legal effect an assignee and purchaser of one-half of his interests. Tex.Rev.Civ.Stat.Ann., art. 6132b, § 28–B(1)(A) (Vernon 1970).[1] However, since she was not a party to the agreements, she had no right to participate in management. Tex.Rev.Civ.Stat.Ann., art. 6132b, § 27(1) (Vernon 1970). Neither did she have any obligation to make contributions to ventures to which she was not a party. She had the right to withdraw her interest at any time and thus to avoid any further risk of her funds, and the evidence shows that she did so withdraw as soon as she learned that appellee was claiming reimbursement for funds advanced. Under these circumstances, we hold that appellee had no power, without her consent, to put her funds at risk by making contributions to the ventures and demanding reimbursement from her. Presumably, he is entitled to credit on the books of the ventures for his contributions and would be entitled to an allowance for such contributions in any distribution of the assets. If such assets be insufficient, the risk is his rather than hers. Consequently, the personal judgment against her is reversed, and judgment is here rendered that appellee take nothing.

Reversed and rendered.

---

1. The text of this statute is as follows:

   On the divorce of a partner, the partner's spouse shall, to the extent of such spouse's interest in the partnership, be regarded for purposes of this Act as an assignee and purchaser of such interest from such partner.