**Clyde Earnest HAMMONDS, Appellant,**

v.

**Violet G. HAMMONDS, Appellee.**

**No. 19850.**

Court of Civil Appeals of Texas, Dallas.

May 2, 1979.

Rehearing Denied June 27, 1979.

Wilson F. Walters, Denison, for appellant.

Michael Thompson, Jarvis, Thompson, Grisham, Sanders, Smyre, Hagwood, Emerson & Fry, Denison, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Appellant Clyde Hammond complains of the division of community property in the divorce decree terminating his marriage to appellee Violet Hammond. We find no abuse of the trial court's discretion. Accordingly, we affirm.

Appellant's primary complaint is that the trial court erred in ordering him, on pain of contempt, to sign a contract for the sale of a motel, which was the principal community asset. The evidence shows that the parties lived in the motel and operated it before the suit was filed and that appellant continued to live there and operate it during most of the time the suit was pending. Admittedly, the motel was not subject to division in kind. At a preliminary hearing on May 4, 1978, the court ordered it sold and the proceeds paid into court for division in the final decree. A purchaser was found, and the court ordered the parties to execute a contract of sale unless a better offer could be obtained within twenty days. After expiration of that time, appellant had failed to sign the contract and appellee filed a motion for contempt. At a hearing on the motion on July 6, appellant attempted to show that he had a better offer, but the court concluded that the evidence disclosed a flagrant violation of the previous order. The court found him in contempt and fixed his punishment at a fine of $100 and thirty days in jail, but suspended issuance of the commitment for thirty minutes so that appellant could purge himself of contempt by signing the contract. Under these circum-

stances he signed the contract, the motel was sold, the proceeds were paid into court, and the final decree directed a division.

Appellant insists that his human rights were violated by the court's order to sign the contract or go to jail. He argues that he had a lawful right to seek a better price and a right not to sign the contract if he believed that the signing was not in his best interest. He suggests that other alternatives were available to the court, such as a judgment ordering the property to be sold by an officer of the court.

We do not determine whether the court properly held appellant in contempt for failure to comply with the order to sign the contract. The written order is not before us. All we have in this record is the judge's pronouncement from the bench, which allows the parties twenty days to get a better offer, and failing that, orders appellant to execute the contract.

In view of the contingent nature of the order, we doubt that it would have been sufficiently definite to support a finding of contempt under the standard established by such cases as *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), and *Ex parte Trick*, 576 S.W.2d 437 (Tex.Civ.App.—San Antonio 1978, no writ). Nevertheless, we do not pass on the propriety of the order because, even if improper, we can grant no relief from it on this appeal. We cannot divest the title of the purchaser, who is not a party to this suit. Indeed, appellant does not ask us to set aside the sale, but argues only that this action by the trial court was so unfair as to demonstrate that the court abused its discretion in dividing the community property. This question, however, depends not on the circumstances of the sale, but on whether the division actually made by the court was so unequal as to show an abuse of discretion. Consequently, we turn our attention to appellant's other points.

Appellant contends that the court erred in overruling his motion to sell certain other items of property rather than dividing them in kind because no value was established and a sale and division of the proceeds was the only way to insure a fair division. We conclude that this was a matter within the court's discretion. The court is not required to order a sale of property because of failure to establish its exact value. In order to complain of the division, the burden is on appellant to show inequality in the division as a whole.

Appellant's other points may be interpreted as raising the issue of inequality. They may be summarized as follows:

(1) Appellee was awarded two cemetery lots, an accompanying insurance policy, and a 1972 Dodge station wagon, whereas appellant was awarded only a 1965 Chevrolet van.

(2) The court ordered him to pay all community debts, including a debt of $1,000 to one Armstrong, but ordered an equal division of certain cash which he had accumulated to pay the Armstrong debt.

(3) The court ordered him to pay all debts of the motel business before its sale, but allowed him no compensation for his services in operating the motel under the order of the court after the suit was filed.

(4) The court charged him with one-half of appellee's counsel fee and permitted appellee's counsel to testify to an increase in the amount of his fee at a subsequent hearing.

After reviewing the record we conclude that no such inequality is shown as to establish an abuse of discretion. Appellant has provided no overall review of the property division, with values of the properties allotted to each, that would establish substantial inequality. Although appellant was allowed no compensation for operating the motel and was required to pay its debts, he also lived there until it was sold, and the court had reason to believe that he had not fully accounted for all the proceeds of the motel operation. After appellee's counsel gave his original testimony concerning the value of his services, the court had other evidence to support a finding of additional counsel fees, and the court could also have properly concluded that unjustified delay and lack of co-operation by appellant added

unnecessarily to the services required of appellee's counsel. Consequently, appellant has failed to show such an inequality in the division as to require a new trial.

Affirmed.