**Angia Ruth MUNDY, Appellant,**

v.

**Gene Gordon MUNDY, Appellee.**

**No. 05–82–00705–CV.**

Court of Appeals of Texas, Dallas.

June 30, 1983.

Robert O'Donnell, David Carlock, Dallas, for appellant.

Joseph W. Geary, Geary, Stahl & Spencer, G. Leroy Street, Geary, Stahl & Spencer, Dallas, for appellee.

Before STEPHENS, SPARLING and ALLEN, JJ.

STEPHENS, Justice.

This is a divorce case in which the wife, Angia Ruth Mundy, complains only of the property division. She first complains that mischaracterization of certain properties as the separate property of her husband, Gene Gordon Mundy, resulted in a manifestly unfair and abusively disproportionate division of the remaining community property. Next she contends that the award of vari-

ous partnership interests is contrary to Texas law. The husband, by cross-point, complains that there was no evidence, or insufficient evidence to support an unequal division of the property, and that the award of wife's attorney's fees created an unequal division of the property.

The Mundys were married on October 7, 1973, and lived together until March 1981. During the marriage, many business transactions were consummated. Certain properties owned before marriage were sold, and numerous business interests were acquired, partially from proceeds of sale of separate property and partially from community funds. The trial judge was confronted with dividing some sixty parcels of property, running the gamut from china to future interests in retirement benefits.

In making this division the trial judge characterized certain properties as separate property of the wife, setting those aside to her as such, and certain properties as separate property of the husband, setting those aside to him. The court then characterized the remaining properties as community, and awarded certain items of the community property to each as their separate property.

The judgment assesses no value to any of the properties; it merely identifies them and awards all or a percentage of the whole of each parcel to one of the parties. No findings of fact or conclusions of law were filed. The court reporter's index to the record shows that eight witnesses were called to testify on behalf of the parties. Eighty-six different documents, many consisting of multiple pages of financial records and memoranda, were offered into evidence; most were admitted, some were excluded. The testimony consists of six volumes, containing one thousand sixty-nine pages.

With this detailed background as to the posture of the case, we turn to the wife's first point of error. She contends that "the court erred by mischaracterizing community property of the parties which resulted in a division of the remaining community property which is manifestly unfair and an abusively disproportionate distribution un-

der the evidence and the pleadings." In her argument under this point, she divides her contentions into five sub-points.

■ The first sub-point asserts that her husband failed to predicate an appropriate legal theory of recovery which conforms to the award of the court. Under this sub-point we are referred to sections 5.01 and 5.02 of the Family Code, and are afforded an extensive analysis of the development of Texas case law as to community property, separate property, tracing, and reimbursement. This sub-point concludes with the statement that "In the matter presently before the court it is singularly relevant to point out that the net worth before and after approach has never been recognized in Texas as an appropriate tracing methodology," supporting this statement with numerous citations. Unfortunately, we are not referred to a place in the record where we may determine the method employed by the trial judge in arriving at her characterization of the property.

■ In her second sub-point, wife insists that it is incumbent upon a party seeking to establish separate property, to plead an appropriate theory of tracing. We are unpersuaded by the wife's argument and the cases cited thereunder. Each party pled that they owned separate as well as community property. These pleadings were adequate to support evidence as to the character and nature of all property of the estate, including both community and separate. Mr. Mundy's pleadings state that he owned separate property which should be set aside to "her." Mrs. Mundy's argument that this language should be given its literal meaning is not well taken. It is apparent that the use of the word "her" instead of "him" is a typographical error. The rule is well established that pleadings in a divorce case may be construed more liberally than in other civil cases. *Lindsey v. Lindsey,* 564 S.W.2d 143 (Tex.Civ.App.—Austin 1978, no writ); *Buchan v. Buchan,* 592 S.W.2d 367 (Tex.Civ.App.—Tyler 1980, writ dism'd).

The third subdivision of point of error number one complains that the judgment is

not supported by credible evidence and linkage between the evidence and the facts found. The argument under this sub-point complains of the characterization of 13 specific items of property as being separate property of the husband. Mischaracterization, if in fact it occurred, is irrelevant to our decision, as will be later pointed out.

■ The fourth subdivision of point of error number one complains that the accounting method of tracing to non-business operations is not an accepted method of tracing in Texas. The fifth subdivision complains that the judgment is erroneous because it is unsupported by pleadings and the evidence, as well as being predicated upon an incorrect characterization of property. Although appellant has expostulated a significant body of law, she has wholly failed to provide this court with grounds for reversal. It is correctly stated that if mischaracterization of community property as separate property results in a division of the community which is disproportionately unfair and unjust, reversal is required. However, mere mischaracterization of community property as separate property alone does not require reversal. Rule 434 of the Texas Rules of Civil Procedure provides that no judgment shall be reversed on appeal and a new trial ordered because the trial court has committed an error of law, unless the appellate court shall be of the opinion that the error committed was reasonably calculated to cause and probably did cause an improper judgment to be rendered. In other words, this rule provides— and it is well established—that no presumption of prejudice arises from erroneous rulings of the trial court. *Walker v. Texas Employers Ins. Ass'n,* 155 Tex. 617, 291 S.W.2d 298, 301 (1956). Rule 434 applies to divorce cases, as well as others. *Smith v. Smith,* 620 S.W.2d 619 (Tex.Civ.App.—Dallas 1981, no writ).

■ Furthermore, an appellate court is not authorized to reverse merely because the record discloses some error that is reasonably calculated to cause a miscarriage of justice; the appealing party has the burden to go further and show that it probably did

cause the rendition of an improper judgment. *Smith,* 620 S.W.2d at 625 (on rehearing); *Dennis v. Hulse,* 362 S.W.2d 308, 309 (Tex.1962). We recognize that this court has the responsibility to determine from the record as a whole whether the wife has been harmed from the mischaracterization of certain community property as separate property of the husband, if in fact such mischaracterization has occurred. *Dennis,* 362 S.W.2d at 309; *State v. Parrish,* 159 Tex. 306, 320 S.W.2d 330, 332–33 (1958); *Texas Power and Light Co. v. Hering,* 148 Tex. 350, 224 S.W.2d 191, 192 (1949). However, we need not determine in this case if actual mischaracterization occurred, because we are unable to determine from the judgment whether or not an unjust and unfair division of the property was rendered. No values were assessed the properties, no findings of facts and conclusions of law were filed, and our review of the record not only fails to show that an inequality as to the division of the property exists, but also it fails to show the values allotted to each of the properties. It was the wife's burden to show not only that an inequality in the division of the property was manifestly unjust, and that the disparity was caused by the mischaracterization of the property, but also that such inequality is of such substantial proportions that it constitutes an abuse of the trial court's discretion. *See Smith,* 620 S.W.2d at 625 (on rehearing); *Hammonds v. Hammonds,* 583 S.W.2d 807 (Tex.Civ.App.—Dallas 1979, no writ). Without values of the properties allotted to each, we can find no abuse of discretion by the trial court. Appellant's first point of error is overruled.

■ In her second point of error, appellant contends that the trial court's division of certain partnership interests is contrary to the provisions of the Texas Uniform Partnership Act, Tex.Rev.Civ.Stat.Ann. art. 6132b (Vernon 1970). We disagree. The terms of the statute, particularly sections 28–A and 28–B, adequately provide for the rights of the wife where the partnership interests have been divided as the result of divorce. The legal effect of the division of

the partnership interests was to vest a proportional interest of the community interest in each party. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 28–B(1)(A) (Vernon 1970). However, since the wife was not a party to the partnership agreements, she has no right to participate in management. Tex.Rev.Civ. Stat.Ann. art. 6132b, § 27(1) (Vernon 1970). *Thompson v. Thompson,* 555 S.W.2d 136, (Tex.Civ.App.—Dallas 1977, no writ). Appellant's second point of error is overruled.

Having found no abuse of discretion by the trial judge, it is unnecessary to consider appellee's conditional cross-point.

Affirmed.