UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40802
Summary Calendar
_____


In The Matter Of: GEORGE ROBERT HOLLOWAY, JR.,

                                        Debtor.
_____

GEORGE ROBERT HOLLOWAY, JR.

                                        Appellant,

                        versus

ROSE ANN ROBERTS,

                                        Appellee.

_____

        Appeal from the United States District Court for the
                Eastern District of Texas
                    (4:95-CV-121)
_____

                    January 28, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    George Robert Holloway appeals from a decision of the district

_____

*       Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

court, which affirmed in part a judgment of the bankruptcy court.[1] Holloway challenges the finding that an obligation to Rose Ann Roberts, stipulated in the amount of $146,649.50, which arose from an assignment of interest in the McKinney 282 Joint Venture, pursuant to an Agreement Incident to Divorce, is non-dischargeable under 11 U.S.C. §§ 523(a)(2), (4) and (6). Holloway argues that Roberts had a contractual right to, not a property right in, the obligation in question, and that the debt therefore is not non-dischargeable under 11 U.S.C. §§ 523(a)(4) and (6). Holloway also argues that because his misrepresentations were made after the obligation to Roberts arose, those misrepresentations cannot support a finding of fraud under § 523(a)(2).

Reviewing the bankruptcy court's findings of law *de novo,* and findings of fact for clear error, we have carefully considered the arguments advanced by the parties in briefs to this court, the Memorandum Opinion and Order of the district court, and the transcript of the findings of the bankruptcy court. We agree with the district court that the Agreement Incident to Divorce and the McKinney 282 Assignment gave Roberts a property interest in the McKinney 282 Joint Venture. *See Twelve Oaks Tower I v. Premier Allergy*, 938 S.W.2d 102, 113 (Tex. App.-Houston [14th Dist.] 1996, no writ) (Draughn, J. stating that "assignment" has a comprehensive

---

[1] The district court reversed and remanded on the question of attorneys' fees; that portion of the judgment was not appealed and therefore is not before this court.

meaning, with two judges concurring in result); *University of Tex. Med. Branch v. Allen*, 777 S.W.2d 450 (Tex. App.-Houston [14th Dist.] 1989, no writ) (discussing broad effect of assignment); *Mundy v. Mundy*, 653 S.W.2d 954, 957-58 (Tex. App.-Dallas 1983, no writ) (division of partnership interests in divorce results in vesting proportion of community interest in each party). Moreover, we agree that Holloway, as a managing co-partner in the McKinney 282 Joint Venture, had a fiduciary duty to Roberts. Thus, in light of the bankruptcy court's findings that Holloway breached his fiduciary duty to Roberts and willfully and maliciously converted her property[2]--findings that certainly are not clearly erroneous-- the obligation is non-dischargeable under both §§ 523(a)(4) and (6).

Because the judgment of non-dischargeability can be sustained upon an affirmance of the district court's holding under any one of the three subsections of the statute, we do not reach the question of whether it is non-dischargeable under § 523(a)(2). We AFFIRM the district court's judgment affirming the bankruptcy court's finding with respect to non-dischargeability.

---

[2] While, as the district court indicates, it is not clear whether the bankruptcy court intended to make an express finding of fact confirming all of Roberts' factual assertions, it is clear that the bankruptcy court accepted enough of her account that it reached these conclusions.

3