Scott Schneider v. Susan Schneider Arch C. McColl, III, and McColl and McColloch, P.L.L.C.

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-075-CV

SCOTT SCHNEIDER APPELLANT

V.

SUSAN SCHNEIDER, ARCH C. MCCOLL, III, APPELLEES

AND MCCOLL AND MCCOLLOCH, P.L.L.C.

------------

FROM THE 393
RD
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Scott Schneider appeals from the trial court’s decree granting a divorce, its designation of community and separate property, and its just and right division of the couple’s property.  He presents sixteen points and ten supplemental points for our review.  In his first sixteen points appellant argues: (1) 
the trial court erred in finding that he abandoned his marriage; (2) no evidence supports a finding of abandonment; (3) the evidence is legally and factually insufficient to support the trial court’s finding of fault as a basis for granting the divorce; (4) the trial court erred in awarding all three dogs to appellee as her separate property; (5) the trial court erred in awarding the dog Lucky, a twenty-seven-inch Mitsubishi television, and a Kiwi laptop computer with accessories to appellee as her separate property; (6) the trial court erred in awarding all property listed in appellee’s inventory to appellee as her separate property; (7) the trial court erred in decreeing that any property was separate; (8) the trial court erred in awarding appellee all household goods and furnishings and all cash and savings in appellee’s possession; (9) the trial court erred in awarding appellant only $1,175.00 of appellee’s 401K pension/retirement fund worth $17,802.51; (10) the trial court erred in awarding appellee half of the shares in the Salomon Smith Barney funds as they existed on September 18, 2001; (11) the trial court erred in overruling appellant’s objection to appellee’s violation of a court injunction and by not investigating the violation; (12) the trial court erred in awarding appellant liability for community debt to lawyer Arch McColl, III and his law firm; (13) the trial court erred in awarding appellant liability for community debt to lawyer Joseph Beeler; (14) the trial court erred in awarding McColl and his law firm the amount of $24,651.69, plus attorneys’ fees, court costs, and postjudgment interest of 10% to be paid by appellant; (15) the trial court abused its discretion with regard to points one through fourteen; and (16) the trial court committed reversible error by denying appellant’s motion for a new trial.  

With regard to points six through fourteen, appellant argues that the reporter’s record of the property division portion of the trial was missing; thus,  he was denied the opportunity to adequately present these points on appeal.  In point sixteen, he argues that the trial court committed reversible error by denying his motion for new trial because the court lost the portion of the reporter’s record covering the property division.  After appellant filed his first brief, the record was found and filed with this court.  Therefore, the portions of appellant’s argument that complain of the missing record are moot and will not be discussed. 
 See
 
Tex. R. App. P.
 47.1.  Points six through fourteen and sixteen are overruled.

After the record was filed, appellant submitted a supplemental brief.  In his ten supplemental points appellant argues: (17) the trial court erred in  decreeing that any property was appellee‘s separate property, specifically:  the dog Lucky, the Mitsubishi television, and the Kiwi laptop computer with accessories; (18) the trial court erred in awarding appellant’s separate property to appellee; (19) the trial court erred in its division of the community property; (20) the trial court erred in its ruling concerning the division of appellee’s 401K pension plan; (21) the trial court erred in its ruling regarding the Salomon Smith Barney funds; (22) the trial court erred in not conducting an inquiry into the appellee’s violation of the trial court’s injunction; (23) the trial court erred in awarding judgment against appellant and in favor of the intervenor, Arch McColl; (24) the trial court erred in awarding appellant all liability for attorneys’ fees incurred by the community; (25) appellee committed perjury during the divorce proceedings by misrepresenting facts in her pleadings and testimony; and (26) appellee committed contempt of court by violating the injunction.  We affirm the portion of the trial court's judgment granting the divorce and reverse and remand the remainder of the case for a new property division.

FACTS

Appellant and appellee were married for about six years, but only lived together as husband and wife for thirty months.  There are no children of the marriage and no real estate.  The estate consists mainly of various personal property items, three dogs, a 401K, and two Salomon Smith Barney funds.

Appellant and appellee lived together prior to marriage.  Appellee testified that prior to the marriage she cashed in bonds, given to her by her grandmother, to purchase the bedroom set, living room set, room divider, video camera, and the dog Lucky.  Appellant testified that community funds were used to purchase the items.  The parties moved to Texas, were married on September 23, 1995, and lived off the money from appellee’s bonds and proceeds from the sale of appellant’s business until they got jobs.

Appellant was arrested and convicted of felony assault in 1998.  He was  sentenced to thirty years’ confinement, and he began serving his sentence on or about April 2, 1998.  Appellant incurred debt of approximately $285,000 in attorneys’ fees while defending himself against criminal charges.  Appellee testified that she paid $200,000 of his attorneys’ fees out of a loan given to her by her father.  Appellee filed for divorce on May 18, 2000.  In her original and amended petitions, appellee alleged insupportability, cruel treatment, and conviction of a felony as grounds for divorce.  The trial court granted the divorce, finding fault on the part of appellant and that appellant abandoned the marriage.

ABANDONMENT

In appellant’s first two points he argues that the trial court erred in finding that he abandoned his marriage.  In point one, he claims appellee failed to assert abandonment as a ground for divorce in either her original or amended petitions.  However, appellant failed to object to the issue of abandonment being tried before the court by consent. 
 
Evidence of abandonment was raised at the trial court three different times, and appellant failed to object every time.  Appellant may not raise the pleading deficiency for the first time on appeal when he failed to preserve error at the trial court level.  
See 
Tex. R. App. P.
 33.1
.

Moreover, the rules of civil procedure dictate that when an issue not raised in the pleadings is tried by implied consent, it shall be treated in all respects as though it had been raised in the pleadings.  
Tex. R. Civ. P. 
67; 
see Dickerson v. DeBarbieris
, 964 S.W.2d 680, 689 (Tex. App.—Houston [14
th
 Dist.] 1998, no pet.).  Therefore, when appellee testified that she was asserting abandonment as one of the grounds for the divorce and appellant did not object, the issue was tried by consent.  
See Dickerson
, 964 S.W.2d at 689. 
 

Additionally, some evidence exists to support the finding in that appellant voluntarily engaged in criminal activity, causing him to be incarcerated.  Thus, appellant’s first point is overruled.

In his second point, appellant asserts that no evidence supports a finding of abandonment as grounds for the judgment granting the divorce.  An appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.  
See, e.g., Harris v. Gen. Motors Corp.
, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied).  If an appellant does not, then we must affirm the trial court’s judgment.  
See, e.g., id.
  This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal.  
See Walling v. Metcalfe
, 863 S.W.2d 56, 58 (Tex. 1993).  If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground.  
See id
.  Moreover, any error in the ground challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.  
Britton v. Tex. Dep't of Criminal Justice
, 95 S.W.3d 676, 681  (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.).  "When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm."  
San Antonio Press, Inc. v. Custom Bilt Mach
., 852 S.W.2d 64, 65 (Tex. App.—San Antonio 1993, no writ). 

In addition to abandonment as a ground for divorce, appellee also alleged insupportability, cruel treatment, and conviction of a felony.  Appellant assigned no error to any of these independent grounds.  Fault could have been based upon a finding of either cruelty or conviction of a felony.  
See 
Tex. Fam. Code Ann.
 §§ 
6.002, 6.004 (Vernon 1998).  Therefore, appellant’s second point is overruled.

FAULT

In his third point, appellant asserts that the evidence is legally and factually insufficient to support the trial court’s finding of fault.  In determining a "no-evidence" point, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. 
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

A "no-evidence" point may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999). 

An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination.  
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex.)
, cert. denied, 
525 U.S. 1017 (1998).

It is uncontested that appellant was serving a thirty-year sentence for felony assault at the time of the divorce.  The family code provides that a court may grant a divorce in favor of one spouse if, during the marriage, the other spouse has been convicted of a felony, been imprisoned for at least one year, and has not been pardoned.  
Tex. Fam. Code Ann. 
§ 6.004.  In this case, the statutory requirements of section 6.004 are met. 
 Id.

The court may also grant a divorce in favor of one spouse if the other spouse is guilty of cruel treatment that renders further living together insupportable.
 
 Id.
 
§ 6.002.  Appellee testified that appellant punched her; grabbed, shoved, and was ”rough” with her on ten to fifteen occasions; and yelled at her or directed abusive language at her on many occasions during the marriage.  Appellant testified that he accidentally hit her and used abusive language.  One of the parties’ friends testified that the couple had a “rough relationship.”  She went on to corroborate appellee’s testimony concerning the night appellant punched appellee in the nose.

Therefore, we conclude that the evidence is legally and factually sufficient to support a finding of fault on the grounds of either cruelty or conviction of a felony.  Appellant’s third point is overruled and the parties’ divorce is affirmed.

DIVISION OF THE MARITAL PROPERTY

Appellant’s first three points form part of the basis for his argument that the trial court erred in its just and right division of the couple’s property.  Appellant asserts that the trial court’s erroneous findings of fault led to an inequitable division of the property.  Nevertheless, even if appellee failed to plead and prove a traditional fault ground for dissolution of the marriage, which resulted in an erroneous attribution of "fault in the breakup of the marriage" to appellant, appellant must still show that the trial court abused its discretion in making its ultimate just and right division of the community estate.  
See Tate v. Tate
, 55 S.W.3d 1, 6 n.3 (Tex. App.—El Paso 2000, no pet.); 
Lindsey v. Lindsey
, 965 S.W.2d 589, 592 n.3 (Tex. App.—El Paso 1998, no pet.).  Because we hold that fault was correctly attributed to appellant in the breakup of the marriage, the trial court correctly considered fault as one of the factors in dividing the marital estate.  Additionally, the trial court was permitted to consider any other "non-fault" factor in awarding a disproportionate amount of the community estate to one spouse.  
See Phillips v. Phillips
, 75 S.W.3d 564, 572-73 (Tex. App.—Beaumont 2002, no pet.)

A trial court has broad discretion in dividing the marital estate,
 and we presume the trial court exercised its discretion properly.  
Murff v. Murff
, 615 S.W.2d 696, 698-99 (Tex. 1981).  In dividing the community estate of the parties, the trial court shall order a division of the property that it deems just and right, having due regard for the rights of each party.  
Tex. Fam. Code Ann. 
§ 7.001.  The trial judge may order an unequal division of marital property when a reasonable basis exists for doing so.  
Massey v. Massey
, 807 S.W.2d 391, 398 (Tex. App.—Houston [1
st
 Dist.] 1991), 
writ denied
, 867 S.W.2d 766 (Tex. 1993).  This court will correct the trial court's division of marital property only when an abuse of discretion has been shown.  
Murff
, 615 S.W.2d at 698;  
Massey
, 807 S.W.2d at 398.  It is the duty of this court to consider every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate.  
Murff
, 615 S.W.2d at 698; 
Massey
, 807 S.W.2d at 398.

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
See Carpenter v. Cimarron Hydrocarbons Corp.,
 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Downer
, 701 S.W.2d at 241-42.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978);
 see also Goode v. Shoukfeh,
 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 211 (Tex. 2002); 
Holley v. Holley
, 864 S.W.2d 703, 706 (Tex. App.—Houston [1
st
 Dist.] 1993, writ denied).

Appellant asserts in points four, five, six, and seven and supplemental points seventeen and eighteen that the trial court erred in characterizing certain items of property as appellee’s separate property.  The divorce decree confirms only three items within its text as appellee's separate property:  the dog Lucky, a Mitsubishi 27 inch television, and a Kiwi laptop computer and accessories.  The decree also confirms all property listed in exhibit A as appellee's separate property and all property listed in exhibit B as appellant's separate property.  However, exhibit A and exhibit B are not attached to the divorce decree in the clerk's record, and it is unclear from references in the reporter's record what property is listed or claimed as separate or community property by either party in the exhibits.  Therefore, in determining whether the trial court mischaracterized property as appellee's separate property, we may only consider the dog Lucky, the Mitsubishi television, and the Kiwi laptop computer and accessories.  
See Guajardo v. Conwell
, 46 S.W.3d 862, 864 (Tex. 2001).  Without a complete decree or clerk’s record, we cannot evaluate the propriety of the court’s decision on any other property.  
Tex. R. App. P.
 34.5(c)-(e).
(footnote: 2)
 Specifically, appellant contends that with respect to the items mischaracterized as appellee's separate property, appellee did not overcome the presumption that property possessed by either spouse at the dissolution of the marriage is presumed to be community property.  
See 
Tex. Fam. Code Ann. 
§ 3.003(a).  The party who seeks to assert that such property is his or her separate property must prove its separate character by clear and convincing evidence.  
Id. 
§ 3.003(b).  To overcome the statutory presumption of community property, the spouse must trace and clearly identify the property claimed as separate property.  
See Estate of Hanau v. Hanau
, 730 S.W.2d 663, 667 (Tex. 1987) (citing 
Tarver v. Tarver
, 394 S.W.2d 780, 783 (Tex. 1965)).

Clear and convincing evidence is defined as that “measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.” 
 
Tex. Fam. Code Ann. 
§ 101.007 (Vernon 2002); 
Transp. Ins. Co. v. Moriel,
 879 S.W.2d 10, 31 (Tex. 1994).  This standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings.  
In re G.M.
, 596 S.W.2d 846, 847 (Tex. 1980);
 State v. Addington,
 588 S.W.2d 569, 570 (Tex. 1979); 
In re D.T.
, 34 S.W.3d 625, 630 (Tex. App.—Fort Worth 2000, pet. denied) (op. on reh’g).  While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed.  
Addington,
 588 S.W.2d at 570
.

In point four, appellant argues that the trial court erred in awarding all three of the couple’s dogs, Lucky, Dusty, and Trixie, to appellee as her separate property.
(footnote: 3)  Both parties argue that Lucky is their separate property, and Lucky is listed in both appellant's and appellee's inventories as their separate property. 

Appellant urges that awarding Lucky to appellee as her separate property was an abuse of discretion and that the presumption of community property was not overcome by clear and convincing evidence.  Appellant contends that the trial court should have awarded Lucky to him as his separate property.  Appellee testified that she purchased Lucky prior to the marriage with money she received when she cashed in bonds that were gifts from her grandmother.  However, appellant contends that appellee gave Lucky to him as a gift and that Lucky is his separate property. 

As we noted above, to rebut the community property presumption the  spouse claiming that the property is separate property must establish by clear and convincing evidence that the property is separate property through tracing.  
Celso v. Celso
, 864 S.W.2d 652, 654 (Tex. App.—Tyler 1993, no writ).  Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property.  
Id.
; 
Hilliard v. Hilliard
, 725 S.W.2d 722, 723 (Tex. App.—Dallas 1985, no writ).  Separate property will retain its character through a series of exchanges so long as the party asserting separate ownership can overcome the presumption of community property by tracing the assets on hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character.  
Cockerham v. Cockerham
, 527 S.W.2d 162, 168 (Tex. 1975).  If the separate estates of both spouses acquired the property, then the property would be held between the two parties as tenants in common, each owning one-half as their separate property.  
Id. 
at 168.

Neither party presented any evidence to clarify the source of funds used to purchase Lucky.  However, it is undisputed that appellee purchased Lucky prior to the marriage.  Under the family code, a spouse's separate property consists of the property owned or claimed by the spouse before marriage.  
Tex. Fam. Code Ann.
 § 3.001(1).  However, in this case the parties lived together prior to marriage, and commingled their funds in a joint bank account.  Both appellant and appellee testified that the funds used to purchase Lucky were the commingled funds from the joint bank account.  Therefore, because neither of the parties established by clear and convincing evidence that Lucky was purchased with the separate property funds of either appellant or appellee, the most the evidence shows is that they own Lucky as tenants in common.  
See
 
Cockerham
, 527 S.W.2d at 168.  Thus, the trial court erred in confirming Lucky as appellee's separate property.
(footnote: 4)
 In addition to asserting that Lucky was his separate property, in appellant’s point five and supplemental points seventeen and eighteen, he argues that the Mitsubishi television and the Kiwi laptop computer with accessories were also his separate property.  He asserts that the trial court erred in awarding those items to appellee as her separate property.  

Appellee testified that the Mitsubishi television was acquired before the marriage.  Appellant did not testify to the character of the television or offer testimony to rebut appellee’s claim that the television was her separate property.  Both appellant’s and appellee’s inventories listed the television set as their own separate property.  Neither appellee nor appellant attempted to trace the funds used to purchase the television.  
See Vandiver v. Vandiver
, 4 S.W.3d 300, 302 (Tex. App.—Corpus Christi 1999, pet. denied).  However, it is undisputed that the television was acquired before marriage.  Neither party established that the television was received as a gift or purchased using only one party's separate funds.  Therefore, the trial court erred in awarding the television to appellee as her separate property.

Appellant listed the Kiwi laptop computer and accessories in his inventory as his separate property.  In contrast, appellee listed the computer as community property and indicated it was “husband’s.”  Neither party presented evidence to support the proposition that the computer was purchased prior to marriage or with separate funds.  Consequently, we hold that the trial court abused its discretion with regard to its characterization of the Kiwi laptop computer and accessories because appellee did not establish by clear and convincing evidence that the computer was her separate property.  However, appellant did not meet the burden of proving that the computer was his separate property either.  Therefore, the trial court erred by mischaracterizing the computer as separate property when it should have been characterized as community property. 

Having determined that the trial court erred by mischaracterizing Lucky, the Mitsubishi television, and the Kiwi laptop computer and accessories as appellee's separate property, we must further determine whether such error warrants reversal.  Mere mischaracterization of community property as separate, in the estate of the parties alone, does not require reversal.  
Magill v. Magill
, 816 S.W.2d 530, 533 (Tex. App.—Houston [1
st
 Dist.] 1991, writ denied) (citing 
Mundy v. Mundy
, 653 S.W.2d 954, 957 (Tex. App.—Dallas 1983, no writ)).  It is appellant's burden to prove that any disparity in the division of the marital estate was caused by the mischaracterization of property and that it was of such substantial proportions that it constituted an abuse of the trial court's discretion. 
 See id.
; 
Mundy
, 653 S.W.2d at 957.  

When we are asked to review an alleged characterization error, we must determine not only whether the trial court's finding of separate property is supported by clear and convincing evidence, we must also determine whether the characterization error, if established, caused the trial court to abuse its discretion.  
See Allen v. Allen
, 704 S.W.2d 600, 603 (Tex. App.—Fort Worth 1986, no writ)
. 
These two prongs require first, a showing of error, and second, a showing that the error was harmful.  
Tex. R. App. P
. 44.1(a)(1).

We hold that appellee did not prove by clear and convincing evidence that the dog Lucky, the Mitsubishi television, and the Kiwi laptop computer and accessories are her separate property.  Therefore, the trial court erred by characterizing the property as appellee's separate property.  Because we cannot determine from the record what other property, if any, the trial court may have characterized as appellee's or appellant's separate property, nor can we determine the full extent of the property the trial court divided as part of the community estate, we hold that the trial court abused its discretion.  Thus, we sustain appellant's points four and five and supplemental points seventeen and eighteen.  Because we sustain these points, we must reverse and remand for a new division of the marital property.  
See, e.g., Schlafly v. Schlafly
, 33 S.W.3d 863, 872 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. denied).

In appellant’s fifteenth point, he argues that the trial court erred by abusing its discretion in points one through fourteen.  Appellant’s argument is cumulative and multifarious. 
 See Owens-Corning Fiberglas Corp. v. Malone
, 916 S.W.2d 551, 570 (Tex. App.—Houston [1
st
 Dist.] 1996), 
aff’d
, 972 S.W.2d 35 (Tex. 1998).  A point is multifarious if it embraces more than one specific ground of error, or if it attacks several distinct and separate rulings of the trial court.
  Id.
; 
Clancy v. Zale Corp.
, 705 S.W.2d 820, 823 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).  The appellate court may disregard any point that is multifarious.  
Clancy
, 705 S.W.2d at 824.  Appellant’s fifteenth point is overruled.

In appellant’s supplemental point nineteen, he complains that the trial court erred in its division of the community property.  Specifically, he argues that awarding appellee the household furniture, fixtures, and all three dogs was a grossly disproportionate division of the property.  As such, he claims the trial court abused its discretion by dividing the property in a manner that was inequitable, manifestly unjust, and unfair.  Because we cannot determine from the divorce decree or the reporter's record whether the trial court characterized this property as community or separate property,
(footnote: 5) and because we are reversing and remanding for a new property division as a result of our holdings on appellant's points four and five and supplemental points seventeen and eighteen, we will not address this point.  
See
 
Tex. R. App. P.
 47.1; 
Schlafly
, 33 S.W.3d at 872.

In appellant’s supplemental points twenty and twenty-one, he argues that the trial court erred in the division of appellee’s 401K pension plan and the Salomon Smith Barney funds.
(footnote: 6)  Regarding the 401K, appellant asserts that in its division the trial court should have used the value of the 401K at the time of divorce to calculate his portion, instead of its value at the time of separation.

When the value of retirement or pension benefits are at issue, the benefits are to be apportioned to the spouses based upon the value of the community's interest at the time of divorce.  
Berry v. Berry
, 647 S.W.2d 945, 947 (Tex. 1983); 
May v. May
, 716 S.W.2d 705, 710 (Tex. App.—Corpus Christi 1986, no writ).  The amount in the account on the date of separation was $2,350.00 and on the date of divorce it was valued at $17,802.51.  Appellant reasons that he is entitled to half of the funds in the account on the date of divorce because the trial court awarded him half of the funds in the account as of the date of separation.  We disagree with appellant’s reasoning.

The trial court properly characterized the 401K as community property, and, as such, it is subject to just and right division in the discretion of the trial court.  
See
 
Tex. Fam. Code Ann.
 § 7.001.  Although we agree with appellant that the proper valuation date was the date of divorce, the trial court may order an unequal division of marital property when a reasonable basis exists for doing so.  
See Massey
, 807 S.W.2d at 398.  The trial court exercises its broad discretion by considering many factors.  
Murff
, 615 S.W.2d at 699.  The nonexclusive list of factors includes the following:  (1) fault in breaking up the marriage; (2) the spouses' capacities and abilities, (3) business opportunities, (4) education, (5) relative physical conditions, (6) relative financial conditions and obligations, (7) disparity of ages, (8) sizes of separate estates, (9) the nature of the property, and (10) disparity in earning capacities or of incomes.  
Id.
 

It is undisputed that appellant and appellee were first separated because appellant was convicted of assault and incarcerated. Appellee’s father paid approximately $200,000 of appellant’s attorneys’ fees that appellant accrued while defending himself against civil and criminal charges.  Because appellant was at fault in the breakup of the marriage and because appellee’s family has contributed a generous amount of money to appellant’s criminal and civil defense, we hold that the trial court did not abuse its discretion in awarding appellant an amount that was less than half of the value of the account at the time of the divorce.  Appellant’s supplemental point twenty is overruled.

Regarding the Salomon Smith Barney funds, appellant argues that the trial court erred in awarding him one-half of the value of the funds as they existed on September 18, 2001.  Appellant misinterprets the language of the trial court’s divorce decree.  The trial court actually ordered that appellant be awarded “one-half of the 
shares
 of the Saloman [sic] Smith Barney Tax Advantage Exchange Funds, Numbers I and II, . . . as they exist, on September 18, 2001.”  [Emphasis added.]  Since the trial court awarded appellant one-half of the actual shares, instead of the value on a particular date, appellant’s argument is moot.  We overrule appellant’s supplemental point twenty-one.

Appellant urges in supplemental point twenty-two that the trial court erred in overruling his trial counsel’s timely objection to appellee’s alleged violation of a court-ordered injunction and by not conducting an inquiry into this violation.  We have examined the portion of the record to which appellant refers us, and, while we find a suggestion by his counsel that appellee may have violated the injunction, we find no objection made to any action or lack of action on the part of the trial court.  We also note that no motion for contempt was presented to the trial court, nor was a continuance requested so that such a motion might be filed.  Appellant suggests that the trial court should have pursued the matter on its own, but he presents no argument or authority that would support such a suggestion.  We overrule supplemental point twenty-two. Appellant insists in supplemental point twenty-three that the trial court erred by awarding judgment against him and in favor of the intervenors, McColl and the law firm of McColl and McCollogh, P.L.L.C., because appellant was not a named defendant in their intervention.  Additionally, in supplemental point twenty-four he argues that the trial court erred in awarding him all liability for the community debt of attorneys’ fees incurred in his criminal defense.  We hold that although the trial court was within its discretion to award all liability for his attorneys’ fees to appellant in its just and right division of the community estate, the trial court erred by awarding 
judgment
 against appellant and in favor of McColl and McColl and McCollogh, P.L.L.C. because appellant was not a named defendant in any of the intervenors’ pleadings.

In his complaint regarding liability for the community debt of attorneys’ fees, appellant suggests that these debts were appellee’s separate debt because the attorneys looked solely to her for payment.  He notes that the intervention sought only to recover a judgment from appellee for the payment of those fees.  In arguing that the debts are appellee’s separate debts, even though they were incurred for his benefit during the marriage, appellant relies upon the cases of 
Ray v. U. S.
, 385 F. Supp. 372 (S.D. Tex. 1974), 
aff’d
, 538 F.2d 1228 (5th
 Cir. 1976); 
Kimsey v. Kimsey
, 965 S.W.2d 690 (Tex. App.—El Paso 1998, pet. denied);
 Jones v. Jones
, 890 S.W.2d 471 (Tex. App.—Corpus Christi 1994, writ denied); 
Humphrey v. Taylor
, 673 S.W.2d 954 (Tex. App.—Tyler 1984, no writ); and 
Wierzchula v. Wierzchula
, 623 S.W.2d 730 (Tex. Civ. App.—Houston [1
st
 Dist.] 1981, no writ).

These cases generally hold that debts contracted during marriage are presumed to be on the credit of the community, and they are obligations of the community, unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction.  
Kimsey
, 965 S.W.2d at 702; 
Jones
, 890 S.W.2d at 475; 
Humphrey
, 673 S.W.2d at 956; 
Wierzchula
, 623 S.W.2d at 732.  The Texas Supreme Court in 
Cockerham 
 stated that “debts contracted during marriage are presumed to be on the credit of the community and thus are joint community obligations, unless it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction.”  527 S.W.2d at 171.  However, just prior to that quotation, the court said;

To determine whether a debt is only that of the contracting party or if it is instead that of both the husband and wife, it is necessary to examine the totality of the circumstances in which the debt arose.  Of particular importance in the instant case is the consideration of implied assent to the debt by the noncontracting party, the husband.

Id.  
Considering the totality of the circumstances of this case, including the fact that the debt was for attorneys’ fees incurred during appellant’s criminal defense, we hold that the trial court could have reasonably concluded that appellant assented to this debt. The creditors looked to appellee for payment only because appellant was in prison and without funds or significant assets, not because the debt was separate in nature.  We overrule supplemental point twenty-four.

Although we overrule supplemental point twenty-four, we hold that the trial court went too far when it awarded judgment against appellant in the intervention where he was not a named defendant.  The intervenors sought only to obtain a judgment for their fees for appellant’s criminal defense from appellee, not appellant.  Appellant was not named or served.  Pleadings in the district and county courts shall: 

consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense.  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole. 

Tex. R. Civ. P. 
45(b).  The rules of pleading apply equally so far as it may be practicable to intervenors and to parties.  
Tex. R. Civ. P.
 61.

The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.  
Tex. R. Civ. P. 
301. In the absence of notice to or waiver of appearance by a party, judgments against him on interventions or cross-actions will be set aside.  
Early v. Cornelius
, 39 S.W.2d 6, 8 (Tex.1931).  However, original parties to litigation are entitled to be protected from disadvantages of intervention.  
Armstrong v. Tidelands Life Ins. Co.,
 466 S.W.2d 407, 412 (Tex. Civ. App.—Corpus Christi 1971, no writ).

Because appellant was not a party to the intervention and received no notice that the intervenors were attempting to collect from him personally, there was no basis for a judgment to be awarded against him.  Intervenors have respectfully declined to file a brief with this court supporting their right to a judgment against appellant.  We, therefore, sustain appellant’s supplemental point twenty-three.

Appellant suggests in supplemental point twenty-five that appellee committed perjury in the course of the trial of this case and in her inventory and appraisement.  In support of his assertion, he relies upon documents that he has added to his brief as an appendix.  Such documents are not a part of the record in this appeal and may not be considered by this court.  
See Nixon v. Royal Coach Inn
, 464 S.W.2d 900, 901 (Tex. Civ. App.—Houston [14
th
 Dist.] 1971, no writ).  We overrule supplemental point twenty-five.  

Appellant insists in supplemental point twenty-six that appellee is in contempt of court by violating conditions of a court-ordered injunction.  He complains that she has not returned to him certain items of property that were designated as his separate property.  There is no indication that he initiated any contempt action in the trial court.  Inasmuch as this point does not relate to any error occurring in the trial court, there is no error that probably caused the rendition of an improper judgment nor one that probably prevented him from properly presenting his case to this court.  
See
 
Tex. R. App. P
. 44.1(a).  We overrule supplemental point twenty-six.  

CONCLUSION

Having sustained appellant’s points four and five and supplemental points seventeen, eighteen, and twenty-three, we affirm the portion of the trial court’s judgment granting the divorce and reverse and remand the remainder of the case for a new property division in accordance with this opinion.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

DELIVERED:  February 12, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The trial court clerk has informed this court that there are no exhibits attached to the original divorce decree.

3:
We will only address appellant's argument with regard to Lucky since he is the only dog identified in the decree.

4:
We note that classifying Lucky as community property could create the same result because the trial court is authorized to award community property to either party and appellant cannot possess a dog while in prison.

5:
Except for Lucky, which the trial court incorrectly confirmed as appellee's separate property.

6:
Because it is clear from the divorce decree that the trial court characterized the funds as community property, we will address this point.