Affirmed in Part and Reversed and Remanded in Part and Majority and
Dissenting Opinions filed November 29, 2007








Affirmed in Part and
Reversed and Remanded in Part and Majority and Dissenting Opinions filed
November 29, 2007. 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00975-CV

_______________

 

MONA ELLEN WILLIAMS, Appellant

 

V.

 

BILLY JACK WILLIAMS, Appellee

                                                                                                                                               


On Appeal from 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 03CV133060

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

 








In a divorce decree, the trial court
divides the community property of the parties in a manner that the court deems
just and right.  Tex. Fam. Code Ann. ' 7.001 (Vernon 2006).  Such a
property division need not be equal and may take into consideration many
factors, such as the spouses= respective abilities, benefits that the party not at fault
would have derived from a continuation of the marriage, business opportunities,
education, relative physical condition, relative financial condition and
obligations, disparity in age, size of separate estates, the nature of the
property, and disparity in income and earning capacity.  Murff v. Murff,
615 S.W.2d 696, 699 (Tex. 1981).

An appeals court reviews a trial
court=s division of marital property only
for an abuse of discretion.  McKnight v. McKnight, 543 S.W.2d 863, 866
(Tex. 1976).  An abuse of discretion occurs where the division of community
property is manifestly unfair.  See Mann v. Mann, 607 S.W.2d 243, 245
(Tex. 1980).  This is true whether the abuse of discretion occurs in
characterizing the property as community or separate or in dividing it.  See
Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985).  Therefore, a
mischaracterization of community property as separate property must have a
material effect on the property division in order to be reversible error.[1] 
Moreover, it is the appellant=s burden to demonstrate such an effect.[2]








In this case, Mona does not challenge
the property division as not being a just and right division, nor has she cited
any evidence in the record of the amount of any funds of any kind that remained
in either spouse=s possession at the time of divorce, let alone the extent to
which any such funds included salary or wages earned by either spouse during
the marriage.[3]  Without a
showing of such amounts, and in the context of the other factors that the trial
court could have taken into account in making a property division, Mona has
provided us no basis to conclude that the trial court=s division (or non-division) of
property was not just and right, even if the trial court incorrectly
interpreted the agreement.[4]

The Majority Opinion holds that a
mischaracterization of the sole or main asset of the community property
automatically requires a reversal of the property division.  On the contrary,
even if the record in this case reflected that funds actually existed that had
been mischaracterized, it would still have been necessary for Mona to establish
that an assignment of all of those funds to Billy was manifestly unfair in
light of their amount and the other relevant circumstances.  By addressing the
merits of the community property characterization of wages without any
indication in our record that any such wages exist or their amount, the
Majority is issuing an advisory opinion for which we have no jurisdiction. 
Because Mona=s sole issue fails to demonstrate that any wages even existed that could
have been subject to a community property division, it cannot establish that
the trial court=s division of property was not just and right.  Mona=s issue should therefore be
overruled, and the judgment of the trial court affirmed. 

 

 

/s/        Richard H. Edelman*

Senior Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed November 29, 2007.

Panel consists of Justices Fowler,
Frost, and Edelman. (Fowler, J., majority)









[1]           See McElwee v. McElwee, 911 S.W.2d
182, 189 (Tex. App.CHouston [1st Dist.] 1995, writ denied); Magill v.
Magill, 816 S.W.2d 530, 533 (Tex. App.CHouston
[1st Dist.] 1991, writ denied);  Mundy v. Mundy, 653 S.W.2d 954, 957
(Tex. App.CDallas 1983, no writ); see also Jacobs,
687 S.W.2d at 733; Tex. R. App. P. 44.1(a)(1).





[2]           See Magill, 816 S.W.2d at 533; Tex.
R. App. P. 38.1(h).





[3]           See Tex. Fam. Code Ann. ' 3.001(1), (2) (Vernon 2006) (stating that a spouse=s separate property includes the property owned by
that spouse before marriage); id. '
3.002 (stating that community property consists of the property, other than
separate property, acquired by either spouse during marriage); id. ' 3.003(a) (stating that property possessed by either
spouse during or on dissolution of marriage is presumed to be community
property).





[4]           See Mundy, 653 S.W.2d at 957
(holding that there was no need to determine if a mischaracterization of
community property had occurred because the record did not reflect the values
allotted to the properties to enable the court to determine whether the
division of property was manifestly unjust in any event).  Similarly, by
failing to present evidence of the amount of community salary funds she claims,
Mona has waived recovery under this theory.  See Harris v. Harris, 765
S.W.2d 798, 805 (Tex. App.CHouston [14th
Dist.] 1989, writ denied).





*           Senior Justice Richard H. Edelman sitting
by assignment.