**Colletta Lake RAY et al.,**
**Plaintiffs-Appellees,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 75–1706.**

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1976.

---

Edward B. McDonough, Jr., U.S. Atty., R. Burton Ballanfant, Asst. U.S. Atty., Houston, Tex., Ernest J. Brown, Atty., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, App. Sec., Jonathan S. Cohen, Michael J. Roach, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellant.

Marvin K. Collie, Carl Estes, II, Donald F. Wood, Houston, Tex., for plaintiffs-appellees.

Before RIVES, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Shortly before his death, Robert H. Ray authorized Jack C. Pollard, acting as Ray's agent, to borrow $1,000,000 from the First City National Bank for the purpose of purchasing $1,270,000 par value United States Treasury Bonds. These bonds, known colloquially as "flower bonds," contained a provision making them redeemable at par prior to maturity to pay federal estate taxes, provided they were owned by the decedent at death and were included in his gross estate.[1] On December 26, 1967, Pollard signed a promissory note for $1,000,000 in which the bank acknowledged that the proceeds of the loan were the separate property of Robert H. Ray, that the indebtedness would be paid out of his separate funds, and that only his separate property, including the bonds, would secure the loan. Ray died ten days later.

The plaintiffs, as executors of the decedent's estate, filed an Estate Tax Return with the District Director of Internal Revenue. The return reported the Treasury Bonds as the separate property of the decedent. It also reported the note as a separate debt of the decedent. The plaintiffs claimed a marital deduction based upon the decedent's separate ownership of the bonds. Pursuant to existing law, the Internal Revenue Service accepted a substantial portion of the bonds at their face value in payment of the estate taxes due.

The Commissioner subsequently determined that the bonds were community rather than separate property and included only one-half of the bonds in the estate. This had the effect of reducing the separate debt by one-half and disallowing the marital deduction. The plaintiffs paid the resulting additional tax assessment in part by redeeming the remaining bonds at face value. The plaintiffs filed a claim for refund, challenging the Commissioner's characterization of the bonds as community property. Based upon the Commissioner's determination that only half of these bonds were includable in the decedent's estate, the Government counterclaimed, arguing that one-half of the bonds were erroneously redeemed at face value. The District Court for the Southern District of Texas, Judge Carl O. Bue, Jr., upheld the plaintiffs' challenge. The Government has brought this appeal.

The Government argues on appeal that the District Court erred in holding that the Treasury Bonds were decedent's separate property rather than community property.[2] The crux of its argument is that the decedent, who had virtually no other separate property, could not have been expected to discharge his indebtedness to the bank out of other than community property. The Government asserts that therefore the Treasury Bonds purchased with the loaned funds must also be community property, notwithstanding the decedent's agreement

---

1. The blooms are off the bonds. Once a hardy perennial, flower bonds are now virtually extinct. The applicable statute 26 U.S.C. § 6312(a), has been repealed with respect to bonds issued after May 3, 1971, by Pub.L. No. 92–5 § 4(a), 85 Stat. 5. *See Ray v. United States,* 385 F.Supp. 372, 376 (S.D.Tex.1974).

2. The Government does not challenge the decedent's purchase of the bonds as an invalid tax avoidance scheme. Its argument is simply that the bonds were community property under Texas law. Consequently, it argues, only one-half of the bonds were includable in the decedent's gross estate and thereby redeemable in payment of federal estate taxes. The availability of the marital deduction also turns on whether the bonds are characterized as separate or community property.

with the bank that the latter would look only to the decedent's separate property for repayment. The Government contends that community funds were in fact used to repay the decedent's indebtedness to the bank.

In an excellent opinion in the court below, Judge Bue rejected the Government's argument. *See Ray v. United States,* 385 F.Supp. 372 (S.D.Tex.1974). He observed that under Texas law the critical element in determining the status of property purchased on credit is the agreement of the creditor and the purchasing spouse that the proceeds of the loan are to be the debtor's separate property and that the creditor will look solely to the purchasing spouse's separate property for satisfaction of the indebtedness. *See Gleich v. Bongio,* 128 Tex. 606, 99 S.W.2d 881, 884 (1937). We adopt Judge Bue's opinion as the opinion of this Court.

The tax savings plan effectuated by a loan secured by the separate property of the spouse in the terminal days of the decedent's mortality was ingenious if not entirely ingenuous. Nevertheless, as the perceptive opinion of the trial court cogently demonstrates, the transaction was secure from the tax gatherer's scythe. The judgment below is

AFFIRMED.