**Brian Gerard CELSO, Appellant,**

v.

**Kimberly Alta CELSO, Appellee.**

**No. 12–92–00328–CV.**

Court of Appeals of Texas, Tyler.

Aug. 31, 1993.

ment with the court's decision is that the court found that a $24,010 certificate of deposit ("CD") was community property. Brian claims that he proved at trial that the contents of the CD were traced back to his separate property funds. The Appellee, Kimberly Celso, withdrew approximately one-half of the CD's contents prior to the divorce.

■ In his first point of error, Brian argues that the trial court erred in permitting Kimberly to testify since she failed to disclose, in an answer to an interrogatory, that she was a person with knowledge of relevant facts. Brian objected when Kimberly was sworn-in and when she was called as a witness, and he obtained a running objection from the judge as to all of Kimberly's testimony. Brian contends that the trial court abused its discretion when it allowed the testimony without requiring Kimberly to show good cause, pursuant to Rule 215(5), which states:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, *unless the trial court finds that good cause sufficient to require admission exists.* The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

TEX.R.CIV.P. 215(5) (Vernon Supp.1993) (emphasis ours). Kimberly's attorney failed to answer any of the requested questions contained in the set of interrogatories. However, the trial court nevertheless allowed Kimberly to testify.

The Texas Supreme Court, until recently, had never found the existence of good cause to permit the testimony of a witness who was not identified in a proper discovery request. However, the court had not yet been confronted with the question of a whether the rule would operate to exclude a party witness from testifying when the party's name was not disclosed. In *Smith v. Southwest Feed*

Bob Whitehurst, Tyler, for appellant.

Ric Freeman, Tyler, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal from a divorce decree. Appellant Brian Celso challenges the court's division of what he contends to be his separate property. We will reverse the judgment of the trial court.

The only issue before the trial court was what property of the Celsos was community property, subject to the court's just and right equitable division. Brian's only disagree-

*Yards,* 835 S.W.2d 89 (Tex.1992), the court found that a trial court abuses its discretion by failing to find "good cause" to permit a party witness' testimony when "the answer to another query in a single, short set of interrogatories plainly indicated that the individual responding had knowledge of relevant facts." *Smith,* 835 S.W.2d at 91.

Furthermore, the court stated that Rule 215(5) may also permit testimony by a party who is an individual not listed in response to an interrogatory, when

> identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial.

*Id.* Good cause, therefore, can be established when other factors are present, such as those cited in *Smith,* in addition to the witness being an individual party. Furthermore, if the individual party has been deposed, then good cause is established. *Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160, 162 (Tex.1992).

While it is apparent that Kimberly, through her attorney, failed to respond to any of Brian's discovery requests, we cannot escape the obvious conclusion that her identity as a person with knowledge of relevant facts in this suit for divorce was definite and irrefutable. Our conclusion comports with the Supreme Court's concern that the "good cause" exception created in *Smith* not undermine the purpose of the rule, since Kimberly's identity was easily ascertainable. *Smith,* 835 S.W.2d at 90 n. 2. We cannot say that the trial court abused its discretion when it allowed Kimberly to testify. Point of error one is overruled.

In his second point of error, the Appellant argues that the trial court abused its discretion in finding that the $24,010 in the certificate of deposit were community property, subject to a just and right equitable division. Furthermore, in points of error three through twenty-one, the Appellant contends that the trial court erred in refusing to make additional or amended findings of fact, as requested by the Appellant. Because the nineteen points of error all relate to the trial court's conclusion that the CD funds were community property, we will address points two through twenty-one together.

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property under the FAMILY CODE, Section 5.02. In order to rebut the community property presumption, the party claiming separate property must trace and identify the property claimed as separate property by clear and convincing evidence. TEX.FAM.CODE ANN. § 5.02 (Vernon 1993). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Hilliard v. Hilliard,* 725 S.W.2d 722, 723 (Tex.App.—Dallas 1985, no writ). Separate property will retain its character through a series of exchanges so long as the party asserting separate ownership can overcome the presumption of community property by tracing the assets on hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character. *Cockerham v. Cockerham,* 527 S.W.2d 162, 167 (Tex.1975).

■ The Appellant insists that he traced the CD funds to his separate property by clear and convincing evidence. The relatively short record shows that Brian testified to the following facts. Before the marriage, Brian purchased from his father Celso's Dry Cleaners. After Brian and Kimberly were married, the business was sold for $16,000. The couple then moved to Springfield, Missouri, where they purchased a house with the proceeds from the sale of the dry cleaner business and approximately $13,000 from a CD purchased by Bryan prior to the marriage from a New York bank. The couple then sold their house and moved to Tyler, Texas, where the proceeds of the sale were placed into a CD with First National Bank of Winnsboro. The Tyler CD was worth approximately $25,000, half of which was withdrawn by Kimberly immediately prior to Brian's filing for divorce. The Springfield house was deeded to Brian and Kimberly Celso and the proceeds from the sale were paid via check to Brian and Kimberly.

Kimberly did not dispute any of Brian's testimony. She added, however, that the Tyler CD was purchased in both their names and both spouses had the authority to withdraw funds from the CD.

■ The court concluded that the house purchased by the parties in Springfield, Missouri during their marriage was the community property of the parties. Brian testified that the house was purchased with the funds acquired before the marriage: the proceeds from the sale of the dry cleaners and from the New York CD. Kimberly testified that the purchase price of the house was approximately $24,000. Significantly, Kimberly affirmed that only Brian's separate property assets were used to buy the Springfield house, as evidenced by the following exchange:

Q: Do you know approximately how much money he paid for the house?

A: About twenty-four thousand, I think.

Q: Did any of that money come from any property that you owned?

A: No.

Q: In regards to the house, all the money was obtained from Brian?

A: Mm-hmm.

The evidence is uncontroverted that the sole source of purchase money to buy the Springfield house was from Brian's separate property assets. Had Brian intended a gift to Kimberly of the house, then her interest would have been her separate property, not community property as the court found. Spouses may not make a gift of their separate property to the community estate, *Tittle v. Tittle*, 148 Tex. 102, 220 S.W.2d 637, 642 (1949). Nevertheless, we note that there was no evidence that Brian intended a gift of his separate property assets to Kimberly when the house was purchased or sold. Furthermore, when separate property is conveyed and both spouses join in the instrument granting the property, the conveyance, without more, is insufficient to change the character of the property or the proceeds. *See Estrada v. Reed*, 98 S.W.2d 1042, 1044 (Tex. Civ.App.—Amarillo 1936, writ ref'd). The evidence was clear and convincing that the funds used to purchase the Springfield house

were traced to Brian's separate assets. The trial court, therefore, erred in concluding that the Springfield, Missouri house was the couple's community property. The evidence does not support the court's conclusion that the Springfield house was the couple's community property.

■ The evidence is likewise uncontroverted that the proceeds of the sale of the Springfield house were deposited into a Tyler certificate of deposit in the names of Brian and Kimberly Celso. Kimberly's testimony affirms that the proceeds, in the form of a check payable to Brian and Kimberly Celso, were directly deposited into the First National Bank of Winnsboro without any commingling with community funds. Again, there was no evidence that Brian made a gift to Kimberly of his separate assets. The mere fact that the proceeds of the sale were placed in a joint account does not change the characterization of the separate property assets. The spouse that makes a deposit to a joint bank account of his or her separate property does not make a gift to the other spouse. *See Higgins v. Higgins*, 458 S.W.2d 498, 500 (Tex.Civ.App.—Eastland 1970, no writ). We conclude that the Appellant proved by clear and convincing evidence that the funds in the First National Bank of Winnsboro certificate of deposit were traced to his separate property. Consequently, the trial court abused its discretion in characterizing the CD as community property, subject to the court's just and right equitable division.

We reverse the judgment of the trial court and remand for a new trial limited solely to the issue of property division. *See Finn v. Finn*, 658 S.W.2d 735, 749 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).