COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-075-CV
 
 
 
SCOTT 
SCHNEIDER                                                               APPELLANT
 
V.
 
SUSAN 
SCHNEIDER, ARCH C. MCCOLL, III,                               APPELLEES
AND 
MCCOLL AND MCCOLLOCH, P.L.L.C.
 
------------
 
FROM 
THE 393RD DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Scott 
Schneider appeals from the trial court’s decree granting a divorce, its 
designation of community and separate property, and its just and right division 
of the couple’s property. He presents sixteen points and ten supplemental 
points for our review. In his first sixteen points appellant argues: (1) the 
trial court erred in finding that he abandoned his marriage; (2) no evidence 
supports a finding of abandonment; (3) the evidence is legally and factually 
insufficient to support the trial court’s finding of fault as a basis for 
granting the divorce; (4) the trial court erred in awarding all three dogs to 
appellee as her separate property; (5) the trial court erred in awarding the dog 
Lucky, a twenty-seven-inch Mitsubishi television, and a Kiwi laptop computer 
with accessories to appellee as her separate property; (6) the trial court erred 
in awarding all property listed in appellee’s inventory to appellee as her 
separate property; (7) the trial court erred in decreeing that any property was 
separate; (8) the trial court erred in awarding appellee all household goods and 
furnishings and all cash and savings in appellee’s possession; (9) the trial 
court erred in awarding appellant only $1,175.00 of appellee’s 401K 
pension/retirement fund worth $17,802.51; (10) the trial court erred in awarding 
appellee half of the shares in the Salomon Smith Barney funds as they existed on 
September 18, 2001; (11) the trial court erred in overruling appellant’s 
objection to appellee’s violation of a court injunction and by not 
investigating the violation; (12) the trial court erred in awarding appellant 
liability for community debt to lawyer Arch McColl, III and his law firm; (13) 
the trial court erred in awarding appellant liability for community debt to 
lawyer Joseph Beeler; (14) the trial court erred in awarding McColl and his law 
firm the amount of $24,651.69, plus attorneys’ fees, court costs, and 
postjudgment interest of 10% to be paid by appellant; (15) the trial court 
abused its discretion with regard to points one through fourteen; and (16) the 
trial court committed reversible error by denying appellant’s motion for a new 
trial.
        With 
regard to points six through fourteen, appellant argues that the reporter’s 
record of the property division portion of the trial was missing; thus, he was 
denied the opportunity to adequately present these points on appeal. In point 
sixteen, he argues that the trial court committed reversible error by denying 
his motion for new trial because the court lost the portion of the reporter’s 
record covering the property division. After appellant filed his first brief, 
the record was found and filed with this court. Therefore, the portions of 
appellant’s argument that complain of the missing record are moot and will not 
be discussed. See Tex. R. App. P. 47.1. Points six through fourteen 
and sixteen are overruled.
        After 
the record was filed, appellant submitted a supplemental brief. In his ten 
supplemental points appellant argues: (17) the trial court erred in decreeing 
that any property was appellee‘s separate property, specifically: the dog 
Lucky, the Mitsubishi television, and the Kiwi laptop computer with accessories; 
(18) the trial court erred in awarding appellant’s separate property to 
appellee; (19) the trial court erred in its division of the community property; 
(20) the trial court erred in its ruling concerning the division of appellee’s 
401K pension plan; (21) the trial court erred in its ruling regarding the 
Salomon Smith Barney funds; (22) the trial court erred in not conducting an 
inquiry into the appellee’s violation of the trial court’s injunction; (23) 
the trial court erred in awarding judgment against appellant and in favor of the 
intervenor, Arch McColl; (24) the trial court erred in awarding appellant all 
liability for attorneys’ fees incurred by the community; (25) appellee 
committed perjury during the divorce proceedings by misrepresenting facts in her 
pleadings and testimony; and (26) appellee committed contempt of court by 
violating the injunction. We affirm the portion of the trial court's judgment 
granting the divorce and reverse and remand the remainder of the case for a new 
property division.
FACTS
        Appellant 
and appellee were married for about six years, but only lived together as 
husband and wife for thirty months. There are no children of the marriage and no 
real estate. The estate consists mainly of various personal property items, 
three dogs, a 401K, and two Salomon Smith Barney funds.
        Appellant 
and appellee lived together prior to marriage. Appellee testified that prior to 
the marriage she cashed in bonds, given to her by her grandmother, to purchase 
the bedroom set, living room set, room divider, video camera, and the dog Lucky. 
Appellant testified that community funds were used to purchase the items. The 
parties moved to Texas, were married on September 23, 1995, and lived off the 
money from appellee’s bonds and proceeds from the sale of appellant’s 
business until they got jobs.
        Appellant 
was arrested and convicted of felony assault in 1998. He was sentenced to thirty 
years’ confinement, and he began serving his sentence on or about April 2, 
1998. Appellant incurred debt of approximately $285,000 in attorneys’ fees 
while defending himself against criminal charges. Appellee testified that she 
paid $200,000 of his attorneys’ fees out of a loan given to her by her father. 
Appellee filed for divorce on May 18, 2000. In her original and amended 
petitions, appellee alleged insupportability, cruel treatment, and conviction of 
a felony as grounds for divorce. The trial court granted the divorce, finding 
fault on the part of appellant and that appellant abandoned the marriage.
ABANDONMENT
        In 
appellant’s first two points he argues that the trial court erred in finding 
that he abandoned his marriage. In point one, he claims appellee failed to 
assert abandonment as a ground for divorce in either her original or amended 
petitions. However, appellant failed to object to the issue of abandonment being 
tried before the court by consent. Evidence of abandonment was raised at the 
trial court three different times, and appellant failed to object every time. 
Appellant may not raise the pleading deficiency for the first time on appeal 
when he failed to preserve error at the trial court level. See Tex. R. App. P. 33.1.
        Moreover, 
the rules of civil procedure dictate that when an issue not raised in the 
pleadings is tried by implied consent, it shall be treated in all respects as 
though it had been raised in the pleadings. Tex. R. Civ. P. 67; see Dickerson v. 
DeBarbieris, 964 S.W.2d 680, 689 (Tex. App.—Houston [14th 
Dist.] 1998, no pet.). Therefore, when appellee testified that she was asserting 
abandonment as one of the grounds for the divorce and appellant did not object, 
the issue was tried by consent. See Dickerson, 964 S.W.2d at 689. 
Additionally, some evidence exists to support the finding in that appellant 
voluntarily engaged in criminal activity, causing him to be incarcerated. Thus, 
appellant’s first point is overruled.
        In 
his second point, appellant asserts that no evidence supports a finding of 
abandonment as grounds for the judgment granting the divorce. An appellant must 
attack all independent bases or grounds that fully support a complained-of 
ruling or judgment. See, e.g., Harris v. Gen. Motors Corp., 924 S.W.2d 
187, 188 (Tex. App.—San Antonio 1996, writ denied). If an appellant does not, 
then we must affirm the trial court’s judgment. See, e.g., id. This 
rule is based on the premise that an appellate court normally cannot alter an 
erroneous judgment in favor of an appellant in a civil case who does not 
challenge that error on appeal. See Walling v. Metcalfe, 863 S.W.2d 56, 
58 (Tex. 1993). If an independent ground fully supports the complained-of ruling 
or judgment, but the appellant assigns no error to that independent ground, then 
we must accept the validity of that unchallenged independent ground. See id. 
Moreover, any error in the ground challenged on appeal is harmless because the 
unchallenged independent ground fully supports the complained-of ruling or 
judgment. Britton v. Tex. Dep't of Criminal Justice, 95 S.W.3d 676, 681 
(Tex. App.—Houston [1st Dist.] 2002, no pet.). "When a 
separate and independent ground that supports a judgment is not challenged on 
appeal, the appellate court must affirm." San Antonio Press, Inc. v. 
Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex. App.—San Antonio 1993, no 
writ).
        In 
addition to abandonment as a ground for divorce, appellee also alleged 
insupportability, cruel treatment, and conviction of a felony. Appellant 
assigned no error to any of these independent grounds. Fault could have been 
based upon a finding of either cruelty or conviction of a felony. See Tex. Fam. Code Ann. §§ 6.002, 6.004 (Vernon 1998). 
Therefore, appellant’s second point is overruled.
FAULT
        In 
his third point, appellant asserts that the evidence is legally and factually 
insufficient to support the trial court’s finding of fault. In determining a 
"no-evidence" point, we are to consider only the evidence and 
inferences that tend to support the finding and disregard all evidence and 
inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 
2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 
1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). 
Anything more than a scintilla of evidence is legally sufficient to support the 
finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 
114, 118 (Tex. 1996). More than a scintilla of evidence exists if the evidence 
furnishes some reasonable basis for differing conclusions by reasonable minds 
about the existence of a vital fact. Rocor Int’l, Inc. v. Nat’l Union 
Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        A 
"no-evidence" point may only be sustained when the record discloses 
one of the following: (1) a complete absence of evidence of a vital fact; (2) 
the court is barred by rules of law or evidence from giving weight to the only 
evidence offered to prove a vital fact; (3) the evidence offered to prove a 
vital fact is no more than a mere scintilla of evidence; or (4) the evidence 
establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire 
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, "No 
Evidence" and "Insufficient Evidence" Points of Error, 
38 TEX. L. REV. 
361, 362-63 (1960)), cert. denied, 526 U.S. 1040 (1999).
        An 
assertion that the evidence is “insufficient” to support a fact finding 
means that the evidence supporting the finding is so weak or the evidence to the 
contrary is so overwhelming that the answer should be set aside and a new trial 
ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are 
required to consider all of the evidence in the case in making this 
determination. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 
(Tex.), cert. denied, 525 U.S. 1017 (1998).
        It 
is uncontested that appellant was serving a thirty-year sentence for felony 
assault at the time of the divorce. The family code provides that a court may 
grant a divorce in favor of one spouse if, during the marriage, the other spouse 
has been convicted of a felony, been imprisoned for at least one year, and has 
not been pardoned. Tex. Fam. Code Ann. § 6.004. In this case, the 
statutory requirements of section 6.004 are met. Id.
        The 
court may also grant a divorce in favor of one spouse if the other spouse is 
guilty of cruel treatment that renders further living together insupportable. Id. 
§ 6.002. Appellee testified that appellant punched her; grabbed, shoved, and 
was ”rough” with her on ten to fifteen occasions; and yelled at her or 
directed abusive language at her on many occasions during the marriage. 
Appellant testified that he accidentally hit her and used abusive language. One 
of the parties’ friends testified that the couple had a “rough 
relationship.” She went on to corroborate appellee’s testimony concerning 
the night appellant punched appellee in the nose.
        Therefore, 
we conclude that the evidence is legally and factually sufficient to support a 
finding of fault on the grounds of either cruelty or conviction of a felony. 
Appellant’s third point is overruled and the parties’ divorce is affirmed.
DIVISION OF THE MARITAL PROPERTY
        Appellant’s 
first three points form part of the basis for his argument that the trial court 
erred in its just and right division of the couple’s property. Appellant 
asserts that the trial court’s erroneous findings of fault led to an 
inequitable division of the property. Nevertheless, even if appellee failed to 
plead and prove a traditional fault ground for dissolution of the marriage, 
which resulted in an erroneous attribution of "fault in the breakup of the 
marriage" to appellant, appellant must still show that the trial court 
abused its discretion in making its ultimate just and right division of the 
community estate. See Tate v. Tate, 55 S.W.3d 1, 6 n.3 (Tex. App.—El 
Paso 2000, no pet.); Lindsey v. Lindsey, 965 S.W.2d 589, 592 n.3 (Tex. 
App.—El Paso 1998, no pet.). Because we hold that fault was correctly 
attributed to appellant in the breakup of the marriage, the trial court 
correctly considered fault as one of the factors in dividing the marital estate. 
Additionally, the trial court was permitted to consider any other 
"non-fault" factor in awarding a disproportionate amount of the 
community estate to one spouse. See Phillips v. Phillips, 75 S.W.3d 564, 
572-73 (Tex. App.—Beaumont 2002, no pet.)
        A 
trial court has broad discretion in dividing the marital estate, and we presume 
the trial court exercised its discretion properly. Murff v. Murff, 615 
S.W.2d 696, 698-99 (Tex. 1981). In dividing the community estate of the parties, 
the trial court shall order a division of the property that it deems just and 
right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001. The trial judge may order 
an unequal division of marital property when a reasonable basis exists for doing 
so. Massey v. Massey, 807 S.W.2d 391, 398 (Tex. App.—Houston [1st 
Dist.] 1991), writ denied, 867 S.W.2d 766 (Tex. 1993). This court will 
correct the trial court's division of marital property only when an abuse of 
discretion has been shown. Murff, 615 S.W.2d at 698; Massey, 807 
S.W.2d at 398. It is the duty of this court to consider every reasonable 
presumption in favor of the proper exercise of discretion by the trial court in 
dividing the community estate. Murff, 615 S.W.2d at 698; Massey, 
807 S.W.2d at 398.
        To 
determine whether a trial court abused its discretion, we must decide whether 
the trial court acted without reference to any guiding rules or principles; in 
other words, whether the act was arbitrary or unreasonable. See Carpenter v. 
Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex. 2002); Downer v. 
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. 
denied, 476 U.S. 1159 (1986). Merely because a trial court may decide a 
matter within its discretion in a different manner than an appellate court would 
in a similar circumstance does not demonstrate that an abuse of discretion has 
occurred. Downer, 701 S.W.2d at 241-42.
        An 
abuse of discretion does not occur where the trial court bases its decisions on 
conflicting evidence. Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); see 
also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Furthermore, an 
abuse of discretion does not occur as long as some evidence of substantive and 
probative character exists to support the trial court’s decision. Butnaru 
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002); Holley v. Holley, 
864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ 
denied).
        Appellant 
asserts in points four, five, six, and seven and supplemental points seventeen 
and eighteen that the trial court erred in characterizing certain items of 
property as appellee’s separate property. The divorce decree confirms only 
three items within its text as appellee's separate property: the dog Lucky, a 
Mitsubishi 27 inch television, and a Kiwi laptop computer and accessories. The 
decree also confirms all property listed in exhibit A as appellee's separate 
property and all property listed in exhibit B as appellant's separate property. 
However, exhibit A and exhibit B are not attached to the divorce decree in the 
clerk's record, and it is unclear from references in the reporter's record what 
property is listed or claimed as separate or community property by either party 
in the exhibits. Therefore, in determining whether the trial court 
mischaracterized property as appellee's separate property, we may only consider 
the dog Lucky, the Mitsubishi television, and the Kiwi laptop computer and 
accessories. See Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001). 
Without a complete decree or clerk’s record, we cannot evaluate the propriety 
of the court’s decision on any other property. Tex. R. App. P. 34.5(c)-(e).[2]
        Specifically, 
appellant contends that with respect to the items mischaracterized as appellee's 
separate property, appellee did not overcome the presumption that property 
possessed by either spouse at the dissolution of the marriage is presumed to be 
community property. See Tex. 
Fam. Code Ann. § 3.003(a). The party who seeks to 
assert that such property is his or her separate property must prove its 
separate character by clear and convincing evidence. Id. § 3.003(b). To 
overcome the statutory presumption of community property, the spouse must trace 
and clearly identify the property claimed as separate property. See Estate of 
Hanau v. Hanau, 730 S.W.2d 663, 667 (Tex. 1987) (citing Tarver v. Tarver, 
394 S.W.2d 780, 783 (Tex. 1965)).
        Clear 
and convincing evidence is defined as that “measure or degree of proof that 
will produce in the mind of the trier of fact a firm belief or conviction as to 
the truth of the allegations sought to be established.” Tex. Fam. Code Ann. § 101.007 (Vernon 2002); Transp. 
Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex. 1994). This standard falls 
between the preponderance standard of civil proceedings and the reasonable doubt 
standard of criminal proceedings. In re G.M., 596 S.W.2d 846, 847 (Tex. 
1980); State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979); In re D.T., 
34 S.W.3d 625, 630 (Tex. App.—Fort Worth 2000, pet. denied) (op. on reh’g). 
While the proof must weigh heavier than merely the greater weight of the 
credible evidence, there is no requirement that the evidence be unequivocal or 
undisputed. Addington, 588 S.W.2d at 570.
        In 
point four, appellant argues that the trial court erred in awarding all three of 
the couple’s dogs, Lucky, Dusty, and Trixie, to appellee as her separate 
property.[3]  Both parties argue that Lucky is 
their separate property, and Lucky is listed in both appellant's and appellee's 
inventories as their separate property.
        Appellant 
urges that awarding Lucky to appellee as her separate property was an abuse of 
discretion and that the presumption of community property was not overcome by 
clear and convincing evidence. Appellant contends that the trial court should 
have awarded Lucky to him as his separate property. Appellee testified that she 
purchased Lucky prior to the marriage with money she received when she cashed in 
bonds that were gifts from her grandmother. However, appellant contends that 
appellee gave Lucky to him as a gift and that Lucky is his separate property.
        As 
we noted above, to rebut the community property presumption the spouse claiming 
that the property is separate property must establish by clear and convincing 
evidence that the property is separate property through tracing. Celso v. 
Celso, 864 S.W.2d 652, 654 (Tex. App.—Tyler 1993, no writ). Tracing 
involves establishing the separate origin of the property through evidence 
showing the time and means by which the spouse originally obtained possession of 
the property. Id.; Hilliard v. Hilliard, 725 S.W.2d 722, 723 (Tex. 
App.—Dallas 1985, no writ). Separate property will retain its character 
through a series of exchanges so long as the party asserting separate ownership 
can overcome the presumption of community property by tracing the assets on hand 
during the marriage back to property that, because of its time and manner of 
acquisition, is separate in character. Cockerham v. Cockerham, 527 S.W.2d 
162, 168 (Tex. 1975). If the separate estates of both spouses acquired the 
property, then the property would be held between the two parties as tenants in 
common, each owning one-half as their separate property. Id. at 168.
        Neither 
party presented any evidence to clarify the source of funds used to purchase 
Lucky. However, it is undisputed that appellee purchased Lucky prior to the 
marriage. Under the family code, a spouse's separate property consists of the 
property owned or claimed by the spouse before marriage. Tex. Fam. Code Ann. § 3.001(1). However, in this case 
the parties lived together prior to marriage, and commingled their funds in a 
joint bank account. Both appellant and appellee testified that the funds used to 
purchase Lucky were the commingled funds from the joint bank account. Therefore, 
because neither of the parties established by clear and convincing evidence that 
Lucky was purchased with the separate property funds of either appellant or 
appellee, the most the evidence shows is that they own Lucky as tenants in 
common. See Cockerham, 527 S.W.2d at 168. Thus, the trial court 
erred in confirming Lucky as appellee's separate property.[4]
        In 
addition to asserting that Lucky was his separate property, in appellant’s 
point five and supplemental points seventeen and eighteen, he argues that the 
Mitsubishi television and the Kiwi laptop computer with accessories were also 
his separate property. He asserts that the trial court erred in awarding those 
items to appellee as her separate property.
        Appellee 
testified that the Mitsubishi television was acquired before the marriage. 
Appellant did not testify to the character of the television or offer testimony 
to rebut appellee’s claim that the television was her separate property. Both 
appellant’s and appellee’s inventories listed the television set as their 
own separate property. Neither appellee nor appellant attempted to trace the 
funds used to purchase the television. See Vandiver v. Vandiver, 4 S.W.3d 
300, 302 (Tex. App.—Corpus Christi 1999, pet. denied). However, it is 
undisputed that the television was acquired before marriage. Neither party 
established that the television was received as a gift or purchased using only 
one party's separate funds. Therefore, the trial court erred in awarding the 
television to appellee as her separate property.
        Appellant 
listed the Kiwi laptop computer and accessories in his inventory as his separate 
property. In contrast, appellee listed the computer as community property and 
indicated it was “husband’s.” Neither party presented evidence to support 
the proposition that the computer was purchased prior to marriage or with 
separate funds. Consequently, we hold that the trial court abused its discretion 
with regard to its characterization of the Kiwi laptop computer and accessories 
because appellee did not establish by clear and convincing evidence that the 
computer was her separate property. However, appellant did not meet the burden 
of proving that the computer was his separate property either. Therefore, the 
trial court erred by mischaracterizing the computer as separate property when it 
should have been characterized as community property.
        Having 
determined that the trial court erred by mischaracterizing Lucky, the Mitsubishi 
television, and the Kiwi laptop computer and accessories as appellee's separate 
property, we must further determine whether such error warrants reversal. Mere 
mischaracterization of community property as separate, in the estate of the 
parties alone, does not require reversal. Magill v. Magill, 816 S.W.2d 
530, 533 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing Mundy 
v. Mundy, 653 S.W.2d 954, 957 (Tex. App.—Dallas 1983, no writ)). It is 
appellant's burden to prove that any disparity in the division of the marital 
estate was caused by the mischaracterization of property and that it was of such 
substantial proportions that it constituted an abuse of the trial court's 
discretion. See id.; Mundy, 653 S.W.2d at 957.
        When 
we are asked to review an alleged characterization error, we must determine not 
only whether the trial court's finding of separate property is supported by 
clear and convincing evidence, we must also determine whether the 
characterization error, if established, caused the trial court to abuse its 
discretion. See Allen v. Allen, 704 S.W.2d 600, 603 (Tex. App.—Fort 
Worth 1986, no writ). These two prongs require first, a showing of error, and 
second, a showing that the error was harmful. Tex. R. App. P. 44.1(a)(1).
        We 
hold that appellee did not prove by clear and convincing evidence that the dog 
Lucky, the Mitsubishi television, and the Kiwi laptop computer and accessories 
are her separate property. Therefore, the trial court erred by characterizing 
the property as appellee's separate property. Because we cannot determine from 
the record what other property, if any, the trial court may have characterized 
as appellee's or appellant's separate property, nor can we determine the full 
extent of the property the trial court divided as part of the community estate, 
we hold that the trial court abused its discretion. Thus, we sustain appellant's 
points four and five and supplemental points seventeen and eighteen. Because we 
sustain these points, we must reverse and remand for a new division of the 
marital property. See, e.g., Schlafly v. Schlafly, 33 S.W.3d 863, 872 
(Tex. App.—Houston [14th Dist.] 2000, pet. denied).
        In 
appellant’s fifteenth point, he argues that the trial court erred by abusing 
its discretion in points one through fourteen. Appellant’s argument is 
cumulative and multifarious. See Owens-Corning Fiberglas Corp. v. Malone, 
916 S.W.2d 551, 570 (Tex. App.—Houston [1st Dist.] 1996), aff’d, 
972 S.W.2d 35 (Tex. 1998). A point is multifarious if it embraces more than one 
specific ground of error, or if it attacks several distinct and separate rulings 
of the trial court. Id.; Clancy v. Zale Corp., 705 S.W.2d 820, 823 
(Tex. App.—Dallas 1986, writ ref'd n.r.e.). The appellate court may disregard 
any point that is multifarious. Clancy, 705 S.W.2d at 824. Appellant’s 
fifteenth point is overruled.
        In 
appellant’s supplemental point nineteen, he complains that the trial court 
erred in its division of the community property. Specifically, he argues that 
awarding appellee the household furniture, fixtures, and all three dogs was a 
grossly disproportionate division of the property. As such, he claims the trial 
court abused its discretion by dividing the property in a manner that was 
inequitable, manifestly unjust, and unfair. Because we cannot determine from the 
divorce decree or the reporter's record whether the trial court characterized 
this property as community or separate property,[5] 
and because we are reversing and remanding for a new property division as a 
result of our holdings on appellant's points four and five and supplemental 
points seventeen and eighteen, we will not address this point. See Tex. R. App. P. 47.1; Schlafly, 33 S.W.3d 
at 872.
        In 
appellant’s supplemental points twenty and twenty-one, he argues that the 
trial court erred in the division of appellee’s 401K pension plan and the 
Salomon Smith Barney funds.[6]  Regarding the 
401K, appellant asserts that in its division the trial court should have used 
the value of the 401K at the time of divorce to calculate his portion, instead 
of its value at the time of separation.
        When 
the value of retirement or pension benefits are at issue, the benefits are to be 
apportioned to the spouses based upon the value of the community's interest at 
the time of divorce. Berry v. Berry, 647 S.W.2d 945, 947 (Tex. 1983); May 
v. May, 716 S.W.2d 705, 710 (Tex. App.—Corpus Christi 1986, no writ). The 
amount in the account on the date of separation was $2,350.00 and on the date of 
divorce it was valued at $17,802.51. Appellant reasons that he is entitled to 
half of the funds in the account on the date of divorce because the trial court 
awarded him half of the funds in the account as of the date of separation. We 
disagree with appellant’s reasoning.
        The 
trial court properly characterized the 401K as community property, and, as such, 
it is subject to just and right division in the discretion of the trial court. See 
Tex. Fam. Code Ann. § 7.001. Although we agree with 
appellant that the proper valuation date was the date of divorce, the trial 
court may order an unequal division of marital property when a reasonable basis 
exists for doing so. See Massey, 807 S.W.2d at 398. The trial court 
exercises its broad discretion by considering many factors. Murff, 615 
S.W.2d at 699. The nonexclusive list of factors includes the following: (1) 
fault in breaking up the marriage; (2) the spouses' capacities and abilities, 
(3) business opportunities, (4) education, (5) relative physical conditions, (6) 
relative financial conditions and obligations, (7) disparity of ages, (8) sizes 
of separate estates, (9) the nature of the property, and (10) disparity in 
earning capacities or of incomes. Id.
        It 
is undisputed that appellant and appellee were first separated because appellant 
was convicted of assault and incarcerated. Appellee’s father paid 
approximately $200,000 of appellant’s attorneys’ fees that appellant accrued 
while defending himself against civil and criminal charges. Because appellant 
was at fault in the breakup of the marriage and because appellee’s family has 
contributed a generous amount of money to appellant’s criminal and civil 
defense, we hold that the trial court did not abuse its discretion in awarding 
appellant an amount that was less than half of the value of the account at the 
time of the divorce. Appellant’s supplemental point twenty is overruled.
        Regarding 
the Salomon Smith Barney funds, appellant argues that the trial court erred in 
awarding him one-half of the value of the funds as they existed on September 18, 
2001. Appellant misinterprets the language of the trial court’s divorce 
decree. The trial court actually ordered that appellant be awarded “one-half 
of the shares of the Saloman [sic] Smith Barney Tax Advantage Exchange 
Funds, Numbers I and II, . . . as they exist, on September 18, 2001.” 
[Emphasis added.] Since the trial court awarded appellant one-half of the actual 
shares, instead of the value on a particular date, appellant’s argument is 
moot. We overrule appellant’s supplemental point twenty-one.
        Appellant 
urges in supplemental point twenty-two that the trial court erred in overruling 
his trial counsel’s timely objection to appellee’s alleged violation of a 
court-ordered injunction and by not conducting an inquiry into this violation. 
We have examined the portion of the record to which appellant refers us, and, 
while we find a suggestion by his counsel that appellee may have violated the 
injunction, we find no objection made to any action or lack of action on the 
part of the trial court. We also note that no motion for contempt was presented 
to the trial court, nor was a continuance requested so that such a motion might 
be filed. Appellant suggests that the trial court should have pursued the matter 
on its own, but he presents no argument or authority that would support such a 
suggestion. We overrule supplemental point twenty-two.
        Appellant 
insists in supplemental point twenty-three that the trial court erred by 
awarding judgment against him and in favor of the intervenors, McColl and the 
law firm of McColl and McCollogh, P.L.L.C., because appellant was not a named 
defendant in their intervention. Additionally, in supplemental point twenty-four 
he argues that the trial court erred in awarding him all liability for the 
community debt of attorneys’ fees incurred in his criminal defense. We hold 
that although the trial court was within its discretion to award all liability 
for his attorneys’ fees to appellant in its just and right division of the 
community estate, the trial court erred by awarding judgment against 
appellant and in favor of McColl and McColl and McCollogh, P.L.L.C. because 
appellant was not a named defendant in any of the intervenors’ pleadings.
        In 
his complaint regarding liability for the community debt of attorneys’ fees, 
appellant suggests that these debts were appellee’s separate debt because the 
attorneys looked solely to her for payment. He notes that the intervention 
sought only to recover a judgment from appellee for the payment of those fees. 
In arguing that the debts are appellee’s separate debts, even though they were 
incurred for his benefit during the marriage, appellant relies upon the cases of 
Ray v. U. S., 385 F. Supp. 372 (S.D. Tex. 1974), aff’d, 538 F.2d 
1228 (5th Cir. 1976); Kimsey v. Kimsey, 965 S.W.2d 690 (Tex. App.—El 
Paso 1998, pet. denied); Jones v. Jones, 890 S.W.2d 471 (Tex. 
App.—Corpus Christi 1994, writ denied); Humphrey v. Taylor, 673 S.W.2d 
954 (Tex. App.—Tyler 1984, no writ); and Wierzchula v. Wierzchula, 623 
S.W.2d 730 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ).
        These 
cases generally hold that debts contracted during marriage are presumed to be on 
the credit of the community, and they are obligations of the community, unless 
it is shown that the creditor agreed to look solely to the separate estate of 
the contracting spouse for satisfaction. Kimsey, 965 S.W.2d at 702; Jones, 
890 S.W.2d at 475; Humphrey, 673 S.W.2d at 956; Wierzchula, 623 
S.W.2d at 732. The Texas Supreme Court in Cockerham stated that “debts 
contracted during marriage are presumed to be on the credit of the community and 
thus are joint community obligations, unless it is shown the creditor agreed to 
look solely to the separate estate of the contracting spouse for 
satisfaction.” 527 S.W.2d at 171. However, just prior to that quotation, the 
court said;
 
To 
determine whether a debt is only that of the contracting party or if it is 
instead that of both the husband and wife, it is necessary to examine the 
totality of the circumstances in which the debt arose. Of particular importance 
in the instant case is the consideration of implied assent to the debt by the 
noncontracting party, the husband.
 
Id. 
Considering the totality of the circumstances of this case, including the fact 
that the debt was for attorneys’ fees incurred during appellant’s criminal 
defense, we hold that the trial court could have reasonably concluded that 
appellant assented to this debt. The creditors looked to appellee for payment 
only because appellant was in prison and without funds or significant assets, 
not because the debt was separate in nature. We overrule supplemental point 
twenty-four.
        Although 
we overrule supplemental point twenty-four, we hold that the trial court went 
too far when it awarded judgment against appellant in the intervention where he 
was not a named defendant. The intervenors sought only to obtain a judgment for 
their fees for appellant’s criminal defense from appellee, not appellant. 
Appellant was not named or served. Pleadings in the district and county courts 
shall:
 
consist 
of a statement in plain and concise language of the plaintiff's cause of action 
or the defendant's grounds of defense. That an allegation be evidentiary or be 
of legal conclusion shall not be grounds for objection when fair notice to the 
opponent is given by the allegations as a whole.
 
Tex. R. Civ. P. 45(b). The rules of pleading 
apply equally so far as it may be practicable to intervenors and to parties. Tex. R. Civ. P. 61.
        The 
judgment of the court shall conform to the pleadings, the nature of the case 
proved, and the verdict, if any, and shall be so framed as to give the party all 
the relief to which he may be entitled either in law or equity. Tex. R. Civ. P. 301. In the absence of notice to 
or waiver of appearance by a party, judgments against him on interventions or 
cross-actions will be set aside. Early v. Cornelius, 39 S.W.2d 6, 8 
(Tex.1931). However, original parties to litigation are entitled to be protected 
from disadvantages of intervention. Armstrong v. Tidelands Life Ins. Co., 
466 S.W.2d 407, 412 (Tex. Civ. App.—Corpus Christi 1971, no writ).
        Because 
appellant was not a party to the intervention and received no notice that the 
intervenors were attempting to collect from him personally, there was no basis 
for a judgment to be awarded against him. Intervenors have respectfully declined 
to file a brief with this court supporting their right to a judgment against 
appellant. We, therefore, sustain appellant’s supplemental point twenty-three.
        Appellant 
suggests in supplemental point twenty-five that appellee committed perjury in 
the course of the trial of this case and in her inventory and appraisement. In 
support of his assertion, he relies upon documents that he has added to his 
brief as an appendix. Such documents are not a part of the record in this appeal 
and may not be considered by this court. See Nixon v. Royal Coach Inn, 
464 S.W.2d 900, 901 (Tex. Civ. App.—Houston [14th Dist.] 1971, no 
writ). We overrule supplemental point twenty-five.
        Appellant 
insists in supplemental point twenty-six that appellee is in contempt of court 
by violating conditions of a court-ordered injunction. He complains that she has 
not returned to him certain items of property that were designated as his 
separate property. There is no indication that he initiated any contempt action 
in the trial court. Inasmuch as this point does not relate to any error 
occurring in the trial court, there is no error that probably caused the 
rendition of an improper judgment nor one that probably prevented him from 
properly presenting his case to this court. See Tex. R. App. P. 44.1(a). We overrule supplemental 
point twenty-six.
CONCLUSION
        Having 
sustained appellant’s points four and five and supplemental points seventeen, 
eighteen, and twenty-three, we affirm the portion of the trial court’s 
judgment granting the divorce and reverse and remand the remainder of the case 
for a new property division in accordance with this opinion.
 
TERRIE 
LIVINGSTON
                                                                JUSTICE

 
PANEL 
F:   LIVINGSTON, DAUPHINOT, and McCOY, JJ.
 
DELIVERED: 
February 12, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court clerk has informed this court that there are no exhibits 
attached to the original divorce decree.
3.  
We will only address appellant's argument with regard to Lucky since he is the 
only dog identified in the decree.
4.  
We note that classifying Lucky as community property could create the same 
result because the trial court is authorized to award community property to 
either party and appellant cannot possess a dog while in prison.
5.  
Except for Lucky, which the trial court incorrectly confirmed as appellee's 
separate property.
6.  
Because it is clear from the divorce decree that the trial court characterized 
the funds as community property, we will address this point.